1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10
11
12
13

SHAWN DANIEL HABENER,

                    Plaintiff,

       v.

FEDERAL BUREAU OF
INVESTIGATION, et al.,

               Defendants.

CASE NO. C13-5561 BHS

ORDER DENYING MOTION TO
PROCEED *IN FORMA PAUPERIS*
AND MOTION TO APPOINT
COUNSEL, AND DISMISSING
COMPLAINT

14
15
16

     This matter comes before the Court on Plaintiff Shawn Daniel Habener's
("Habener") motion to proceed *in forma pauperis* (Dkt. 1), proposed complaint (Dkt. 1-
1), and motion to appoint counsel (Dkt. 2).

17
18
19

     On July 11, 2013, Habener filed the instant motion and proposed complaint
alleging that multiple government agencies have used unlawful practices to destroy his
past profession.  Dkt. 1-1.

20
21
22

     The district court may permit indigent litigants to proceed *in forma pauperis* upon
completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the
"privilege of pleading *in forma pauperis* . . . in civil actions for damages should be

1    allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th

2    Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed

3    *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375

4    U.S. 845 (1963).

5         A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when

6    it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See*

7    *Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may

8    dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be

9    made without notice where the claimant cannot possibly win relief."). *See also Mallard*

10   *v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little doubt a federal court

11   would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an

12   express statutory provision). A complaint is frivolous when it has no arguable basis in

13   law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

14        In this case, Habener's complaint is frivolous and has no arguable basis in law or

15   fact. He fails to name any of the allegedly undercover agents that ridiculed him for the

16   last three years, and his alleged damages are destruction of an unspecified "former

17   profession." Moreover, Habener fails to allege sufficient facts or law to establish

18   jurisdiction in this Court. Therefore, the Court **DENIES** his motion to proceed *in forma*

19   *pauperis* (Dkt. 1) and **DISMISSES** his proposed complaint. The motion to appoint

20   counsel is denied as moot.

21

22

1     **IT IS SO ORDERED**.

2     Dated this 17th day of July, 2013.

3

4

                             _____

5                            BENJAMIN H. SETTLE
                           United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22